UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN THEBEAU, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 4:12CV1032 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside and correct sentence brought pursuant to 28 U.S.C. 2255. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be dismissed.

On April 5, 2007, movant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), before the Honorable Donald J. Stohr, and he was sentenced on July 6, 2007, to a term of 216 months' imprisonment. United States v. Thebeau, Case No. 4:07CR41 DJS (E.D. Mo.). Movant appealed to the Eighth Circuit Court of Appeals, challenging Judge Stohr's finding that his prior convictions for attempted burglary were violent felonies for sentencing enhancement purposes in

violation of his Sixth Amendment rights.  The Eighth Circuit affirmed the conviction and sentence. United States v. Thebeau, Case No. 07-2752 (8th Cir.).

Movant filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on October 5, 2009.  Thebeau v. United States, Case No. 4:09CV1660 RWS (E.D. Mo.).  This Court denied the motion, and the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability on August 3, 2011.  The mandate issued on September 28, 2011.  See Thebeau v. United States, Case No. 11-1921 (8th Cir.).

In the instant motion, movant claims that his attorney was ineffective and he was denied due process when counsel failed to object to the Presentence Report "being the only documentation used by the government" to apply the enhancements to movant's sentence.  Movant also challenges the sentence enhancement "in light of intervening change in law, United States v. Burghardt, U.S. Dist. Lexis 67457 (June 21, 2011)."[1]  Movant also seeks review of his status as an armed career offender, challenging the Court's determination that his prior attempted burglary convictions were violent felonies.  Last, movant claims that he was actually innocent of the crimes for which he was charged and pled guilty.

---

[1] It appears movant is referring to the case of United States v. Burghardt, 796 F.Supp.2d 996 (D.Neb. 2011) (finding that, under Nebraska law, defendant's prior conviction for attempted burglary was not for a violent felony under the Armed Career Criminal Act).

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Many of movant's arguments were previously advanced by movant in his prior motion to vacate and were addressed by the Court at that time. Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's additional requested relief. As a result, the instant motion shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside and correct sentence [Doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253.

Dated this 11th day of June, 2012.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE